IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PAUL THOMAS, #141412,              )
                                   )
    Plaintiff,                     )
                                   )
                                   )
  v.                               )   CIVIL ACTION NO. 2:04-CV-308-MHT
                                   )               [WO]
                                   )
DONAL CAMPBELL, et al.,            )
                                   )
    Defendants.                    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Paul Thomas ["Thomas"], a state inmate, initiated this 42 U.S.C. § 1983 complaint against Donal Campbell, the Commissioner of the Alabama Department of Corrections at the time Thomas filed this complaint, and Gwendolyn Mosley, the warden of Easterling Correctional Facility ["Easterling"]. Thomas contends that during his confinement at Easterling defendants Campbell and Mosley violated his due process, equal protection and Eighth Amendment rights. He seeks a declaratory judgment, transfer to a less secure correctional facility and monetary damages.

The defendants filed a special report and supporting evidentiary materials addressing the plaintiff's claims for relief. Pursuant to an order entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *Order of May 12, 2004 - Court Doc. No. 9*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support

thereof and the response filed by Thomas in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. CLAIMS FOR RELIEF

In his complaint, Thomas maintains that he has been denied adequate medical treatment for his diabetes and eye problems.[1] *Plaintiff's Complaint* at 2-3. He also asserts that the defendants refused to transfer him to a facility for the aged and infirmed and discriminated against him due to his race. *Id*. at 3. Finally, Thomas complains that while at Easterling he has been forced, on occasion, to endure "rain [and] cold weather . . ." and subjected to derogatory comments by correctional officers. *Id*.

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Thomas is required to produce some evidence which would be admissible at trial supporting his constitutional claims. *See* Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v.*

---

[1] Thomas indicates that he is legally blind in his left eye and has only limited vision in his right eye.

*Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary

materials and affidavits before the court show there is no genuine issue as to any material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, Thomas has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

#### A.  The Eighth Amendment Claims

To prevail on claims concerning alleged deliberate indifference in violation of the Eighth Amendment, an inmate must, at a minimum, show that the defendants acted with deliberate indifference to his health or safety. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs [or safety].  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.").  When seeking relief based on deliberate indifference of correctional officials, an inmate is required to establish "an objectively serious need, an objectively

4

insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Thomas v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (for liability to attach, the prison official must know of and then disregard an excessive risk to the prisoner); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Thus, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference). Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

> In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,*

5

> 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). Thus, to survive summary judgment on his claims of deliberate indifference, Thomas is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

    **1.  Inadequate Medical Treatment**.  Thomas asserts that the medical treatment

provided to him at Easterling for his diabetes and eye condition is improper.  In addressing this claim, the defendants maintain that "[s]ince his arrival [at Easterling], [Thomas] has received continuous medical care from our contracted Health Care Unit Professionals ..." *Defendants' Exhibit 2 - Affidavit of Gwendolyn C. Mosley* at 1.

It is clear from the pleadings filed in this case that defendants Campbell and Mosley are not health care professionals and serve as defendants with respect to this claim solely due to their supervisory positions with the Alabama Department of Corrections.  "There is 'no *respondeat superior* liability for a § 1983 claim.' *Marsh [v. Butler County, Alabama*, 268 F.3d 1014, 1035 (11th Cir. 2001) (*en banc*)].  Although § 1983 requires a connection between the official's acts or omissions and the plaintiff's injury, an official also may be liable where a policy or custom that he established or utilized resulted in deliberate indifference to an inmate's constitutional rights. *Id.* at 1059." *Salas v. Tillman*, 162 Fed.Appx. 918, 922 (11th Cir. 2006).

Thomas has presented no evidence sufficient to create a genuine issue of disputed fact with respect to the claim that defendants Campbell and Mosley acted with deliberate indifference to his medical needs.  There is nothing before the court which indicates that the defendants  personally participated in or had any direct involvement with the medical treatment provided to Thomas.  Additionally, the undisputed evidentiary materials demonstrate that medical personnel made all decisions relative to the course of treatment provided to Thomas and further establish that such treatment did not result from a policy

7

instituted by the defendants. The law does not impose upon correctional officials a duty to directly supervise health care personnel, to set treatment policy for the medical staff or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment).

The record is completely devoid of evidence that the defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Taylor, that the defendants actually drew this inference and thereafter ignored the risk. Taylor has therefore failed to establish the requisite element of subjective awareness on the part of defendants Campbell and Mosley. *Carter*, 352 F.3d at 1350. Consequently, summary judgment is due to be granted in favor of the defendants on this claim.

**2. Inclement Weather**. Thomas complains that at various time he has walked in the cold and rain. "Prison conditions rise to the level of an Eighth-Amendment violation only when they involve the wanton and unnecessary infliction of pain. To establish 'unnecessary and wanton infliction of pain,' a plaintiff is required to show 'that officials acted with specific intent.' *Campbell[v. Sikes*, 169 F.3d 1353, 1362 (11th Cir. 1999)." *Miller v. King*, 384 F.3d 1248, 1260 (11th Cir. 2004) (citations omitted). "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their

8

offenses against society.'" *Chandler v. Crosby*, 379 F.3d 1278, 1288-1289 (11th Cir.2004) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)).

> To show an Eighth-Amendment violation, a prisoner must satisfy both an objective and a subjective inquiry. *Chandler,* 379 F.3d at 1289-90; *Farrow [v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)]. Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Specifically, a prisoner must prove "a serious medical need" or the denial of "the minimal civilized measure of life's necessities." *Chandler,* 379 F.3d at 1289-90; *Farrow,* 320 F.3d at 1243; *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399. "The challenged prison condition must be 'extreme'" and must pose "an unreasonable risk of serious damage to his future health." *Chandler,* 379 F.3d at 1289-90 (quoting *Hudson,* 503 U.S. at 9, 112 S.Ct. at 1000) (other citation omitted).
> Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference." *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979 (stating that an individual may be held liable under the Eighth Amendment only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Hudson,* 503 U.S. at 8, 112 S.Ct. at 999; *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). To prove deliberate indifference, the prisoner must show that the defendant prison official "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition or serious medical need in issue. *Chandler,* 379 F.3d at 1289-90 (quoting *Hudson,* 503 U.S. at 8, 112 S.Ct. at 999). Negligence or even gross negligence does not satisfy this standard. *Id.*; *Cottrell v. Caldwell,* 85 F.3d 1480, 1490 (11th Cir.1996).

*Miller*, 348 F.3d at 1261.

Mere exposure to inclement weather on a few occasions is not "sufficiently serious to violate the Eighth Amendment." *Hudson*, 503 U.S. at 8. It is likewise clear that the challenged conditions do not represent "the denial of 'the minimal civilized measure of life's

necessities'" nor are they extreme conditions which "pose 'an unreasonable risk of serious damage to [the inmate's] future health.'" *Miller*, 384 F.3d at 1261 (citations omitted). Moreover, Thomas has presented no evidence which indicates that defendants Campbell and Mosley knew he faced "a substantial risk of serious harm" and with such knowledge disregarded that risk. *Farmer*, 511 U.S. at 828.

Under the undisputed facts of this case, the conditions about which Thomas complains do not allege sufficiently grave deprivations so as to rise to the level of constitutional violations. The defendants are therefore entitled to summary judgment on this claim.

**B. The Equal Protection Claim**

Thomas asserts that the defendants discriminated against him because of his race. Specifically, Thomas complains that he has been denied a transfer to the Hamilton Aged and Infirmed Correctional Facility ["Hamilton"] solely because he is white. *Plaintiff's Complaint* at 3 ("If a black man was as sick as me, he would already be at A&I . . ."). The defendants deny that they have acted in violation of the plaintiff's equal protection rights and, instead, maintain that their failure to transfer Thomas to Hamilton is based on his having a documented enemy confined in such facility. *Defendants' Exhibit 2 - Affidavit of Gwendolyn C. Mosley* at 1 ("Inmate Thomas cannot be transferred to Hamilton A&I due to the presence of an enemy who is already at Hamilton A&I . . .").

In order to establish a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally

10

protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir.1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). Additionally, to succeed on an equal protection challenge, the plaintiff must also demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of prison officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Evidence which merely indicates disparity of treatment is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279 (1987).

Since this case is before the court on a properly supported motion for summary judgment from the defendants, Thomas bears the burden of producing some evidence to show that the defendants actions resulted from intentional discrimination. *Celotex*, 477 U.S.

11

at 322-324; *Waddell*, 276 F.3d at 1279. Thomas utterly and completely fails to meet this burden as he has offered no evidence identifying any other similarly situated inmate who received more favorable treatment from the defendants. *Brunskill v. Boyd*, 141 Fed.Appx. 771, 776 (11th Cir. 2005) (district court did not err in granting summary judgment on equal protection claim as inmate "offered no evidence that other similarly situated prisoners were treated more favorably."). Furthermore, it is clear from the undisputed evidentiary materials that the defendants refused to transfer Thomas to Hamilton because he has an enemy located at that facility. In light of the foregoing, summary judgment is due to be granted in favor of the defendants on the equal protection claim.

### C. The Due Process Claim

Thomas asserts that the defendants denied him a transfer to Hamilton in violation of his due process rights. A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Although the plaintiff's confinement at Easterling may entail "more burdensome conditions" than that of a facility for the aged and infirmed, such confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin v. Conner,* 515 U.S. 472, 478 (1995). Consequently, the failure to transfer Thomas to a correctional facility of his choosing does

12

not rise to the level of a constitutional violation and such claim therefore provides no basis for relief in this 42 U.S.C. § 1983 action.

### D. Threats and Racial Slurs

Thomas complains that correctional officers have threatened him and used racial slurs in his presence. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981). Threatening, derogatory or abusive comments made by correctional officers to an inmate do not rise to the level of a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973). Because the actions about which Thomas complains fail to demonstrate that the defendants deprived him of any protected right, privilege or immunity, summary judgment is therefore appropriate on these claims.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by defendants Campbell and Mosley be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

13

It is further

ORDERED that on or before May 23, 2006 the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10TH day of May, 2006.

/s/ Delores R. Boyd

UNITED STATES MAGISTRATE JUDGE